In the Matter of DAVID J. HYMAN, an Attorney, Respondent.

First Department, December 7, 1934

*Einar Chrystie*, for the petitioner.

Respondent in person.

FINCH, P. J. This is a motion to confirm the report of an official referee finding the respondent, who was admitted to practice as an

attorney and counselor at law in the State of New York, at a term of the Appellate Division of the Supreme Court, First Department, on April 14, 1930, guilty of having given his check for a small amount upon an account which had previously been closed, in order to obtain delivery of a fur coat which had been cleaned and repaired.

The respondent admitted the facts, but in extenuation testified that the weather was cold, his wife needed the coat, and he believed when he gave the check he would be able to meet it by a fee of $150 which he expected to receive for the trial of a case that was immediately pending. The trial, however, was unexpectedly adjourned and the case subsequently settled. Respondent, therefore, received no fee in the matter. It furthermore appears that the check was postdated and that that fact was called to the attention of the payee by respondent. Respondent also called to the attention of the payee that the check was not good at the time it was given and that respondent expected to make the check good by depositing $150 which he expected to receive from a client. Respondent also requested that the check be held until the following Tuesday.

In view of the fact that apparently the furrier was willing to exchange the release of the coat for the promise of respondent to make the check good, no disciplinary action is warranted herein. It is true that the account upon which the check was drawn had been closed for some time, but this did not preclude the respondent from reopening the account. Also, the record would not support a charge, in view of the postdating of the check and the explanation of respondent to the payee that the check was not good when given but that he expected to make it good from the fee, that the respondent had no intention to honor the check.

It follows that the proceeding against the respondent should be dismissed.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Proceeding dismissed.